United States District Court
Northern District of California

1
2
3
4                   UNITED STATES DISTRICT COURT
5                 NORTHERN DISTRICT OF CALIFORNIA
6
7    KENNETH GIBBS,                    Case No.   15-cv-4115-TEH
8            Plaintiff,
9        v.                            ORDER OF DISMISSAL WITH LEAVE
                                       TO AMEND
10   T. WOOD, et. al.,
11           Defendants.
12
13       Plaintiff, an inmate at California State Prison-Los Angeles
14   County, filed this pro se civil rights action under 42 U.S.C. §
15   1983.  Plaintiff is granted leave to proceed in forma pauperis in
16   a separate order.  His complaint is now before the Court for
17   initial screening pursuant to 28 U.S.C. § 1915A.
18                                    I
19       Federal courts must engage in a preliminary screening of
20   cases in which prisoners seek redress from a governmental entity
21   or officer or employee of a governmental entity.  28 U.S.C. §
22   1915A(a).  The Court must identify cognizable claims or dismiss
23   the complaint, or any portion of the complaint, if the complaint
24   "is frivolous, malicious, or fails to state a claim upon which
25   relief may be granted," or "seeks monetary relief from a
26   defendant who is immune from such relief."  Id. § 1915A(b).
27   Pleadings filed by pro se litigants, however, must be liberally
28   construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);

1 | Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.
2 | 1990).

3 | To state a claim under 42 U.S.C. § 1983, a plaintiff must
4 | allege two essential elements:  (1) that a right secured by the
5 | Constitution or laws of the United States was violated, and (2)
6 | that the alleged violation was committed by a person acting under
7 | the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

8 | II

9 | Plaintiff describes three different incidents where he
10 | alleges he was subject to retaliation or defendants were
11 | deliberately indifferent to his serious medical needs.

12 | "Within the prison context, a viable claim of First
13 | Amendment retaliation entails five basic elements:  (1) an
14 | assertion that a state actor took some adverse action against an
15 | inmate (2) because of (3) that prisoner's protected conduct, and
16 | that such action (4) chilled the inmate's exercise of his First
17 | Amendment rights, and (5) the action did not reasonably advance a
18 | legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,
19 | 567-68 (9th Cir. 2005) (footnote omitted).  Accord Pratt v.
20 | Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison
21 | officials under § 1983 for retaliation must allege that he was
22 | retaliated against for exercising his constitutional rights and
23 | that the retaliatory action did not advance legitimate
24 | penological goals, such as preserving institutional order and
25 | discipline).

26 | Deliberate indifference to serious medical needs violates
27 | the Eighth Amendment's proscription against cruel and unusual
28 | punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin

United States District Court
Northern District of California

2

v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  Id. at 1059.

Federal Rule Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]"  Id.

It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner."  Id. at 607.

United States District Court
Northern District of California

In this action Plaintiff has presented unrelated claims against several defendants.  The complaint will be dismissed with leave to amend.  Plaintiff should focus on related incidents and he must identify the specific actions of the defendants and describe how they violated his constitutional rights.  He must present more than conclusory allegations.  As currently presented, the allegations fail to state a claim.

A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of Twombly: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT, within twenty-eight days containing all related claims against all Defendants that Plaintiff wishes to

United States District Court
Northern District of California

proceed against in this action.  The pleading must state clearly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents. Failure to file a proper First Amended Complaint within twenty-eight days of this order will result in the dismissal of this action without prejudice.

2. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

3. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal

of this action for failure to prosecute pursuant to Federal Rule
of Civil Procedure 41(b).

    IT IS SO ORDERED.

Dated: 11/16/2015

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\Gibbs4115.dwlta.docx

United States District Court
Northern District of California