1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH GIBBS,

       Plaintiff,

   v.

T. WOOD, et. al.,

       Defendants.

Case No.  15-cv-4115-TEH

ORDER OF DISMISSAL WITH LEAVE
TO AMEND

Plaintiff, an inmate at California State Prison-Los Angeles County, filed this pro se civil rights action under 42 U.S.C. § 1983.  The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1  1990).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must

3  allege two essential elements:  (1) that a right secured by the

4  Constitution or laws of the United States was violated, and (2)

5  that the alleged violation was committed by a person acting under

6  the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

7                              II

8     Plaintiff describes various incidents where he was the

9  victim of retaliation and excessive force.

10    "Within the prison context, a viable claim of First

11 Amendment retaliation entails five basic elements:  (1) an

12 assertion that a state actor took some adverse action against an

13 inmate (2) because of (3) that prisoner's protected conduct, and

14 that such action (4) chilled the inmate's exercise of his First

15 Amendment rights, and (5) the action did not reasonably advance a

16 legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559,

17 567-68 (9th Cir. 2005) (footnote omitted).  Accord Pratt v.

18 Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison

19 officials under § 1983 for retaliation must allege that he was

20 retaliated against for exercising his constitutional rights and

21 that the retaliatory action did not advance legitimate

22 penological goals, such as preserving institutional order and

23 discipline).

24    "After incarceration, only the unnecessary and wanton

25 infliction of pain . . . constitutes cruel and unusual punishment

26 forbidden by the Eighth Amendment."  Whitley v. Albers, 475 U.S.

27 312, 319 (1986) (omission in original) (internal quotation marks

28 omitted).  Whenever prison officials stand accused of using

United States District Court
Northern District of California

excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate.  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Id. at 6-7; Whitley, 475 U.S. at 320-21.

Plaintiff first argues that Captain Wood transferred Plaintiff to a different Administrative Segregation unit in retaliation for the filing of a grievance regarding the Institutional Classification Committee ("ICC").  Liberally construed this states a claim for retaliation.

Plaintiff next argues that he was placed on C status for the same offense, and it was in retaliation for filing grievances. However, Plaintiff does not describe C status and what it entails, and the nature of the relation allegation is difficult to understand.  This claim is dismissed with leave to amend.

Plaintiff also argued that Defendant J. Evans used excessive force against him causing injuries to his face, nose, and wrist, and this was in retaliation because Plaintiff called another officer a racist.  The excessive force claim is sufficient to proceed but the retaliation claim is dismissed with leave to amend to provide more information regarding the elements set forth above in Rhodes.

In filing an amended complaint, Plaintiff is informed that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be

United States District Court
Northern District of California

enough to raise a right to relief above the speculative level."
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(citations omitted).  A complaint must proffer "enough facts to
state a claim to relief that is plausible on its face."  Id. at
570.  The United States Supreme Court has explained the
"plausible on its face" standard of Twombly: "While legal
conclusions can provide the framework of a complaint, they must
be supported by factual allegations.  When there are well-pleaded
factual allegations, a court should assume their veracity and
then determine whether they plausibly give rise to an entitlement
to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

III

     For the foregoing reasons, the Court hereby orders as
follows:

     1. Plaintiff's Amended Complaint is DISMISSED WITH LEAVE TO
FILE A SECOND AMENDED COMPLAINT, within twenty-eight days.  The
pleading must state clearly how each and every Defendant is
alleged to have violated Plaintiff's federally-protected rights.
See Leer, 844 F.2d at 634.  The pleading must include the caption
and civil case number used in this order and the words COURT
ORDERED SECOND AMENDED COMPLAINT on the first page.  Plaintiff is
advised that he must file all of his claims in one complaint and
not present them piecemeal to the Court in various letters and
other documents.  Failure to file a proper Second Amended
Complaint within twenty-eight days of this order will result in
the dismissal of all claims except the claims deemed cognizable
above.

2. Plaintiff is advised that the Second Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

3. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 02/29/2016

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\Gibbs4115.dwlta2.docx

United States District Court
Northern District of California

5