UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH GIBBS,

    Plaintiff,

  v.

T. WOOD, et. al.,

    Defendants.

Case No. 15-cv-4115-TEH

ORDER OF SERVICE

Plaintiff, an inmate at California State Prison-Los Angeles County, filed this pro se civil rights action under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and Plaintiff has filed a second amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff describes various incidents where he was the victim of retaliation and excessive force.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (omission in original) (internal quotation marks omitted). Whenever prison officials stand accused of using

2

excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. Hudson v. McMillian, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Id. at 6-7; Whitley, 475 U.S. at 320-21.

Plaintiff first argues that Captain Wood transferred Plaintiff to a different Administrative Segregation unit in retaliation for the filing of a grievance regarding the Institutional Classification Committee ("ICC"). Liberally construed this states a claim for retaliation.

Plaintiff next argues that Defendant Milton and Royal placed him on C status, and it was in retaliation for filing grievances. This claim is also sufficient to proceed.

Plaintiff also argued that Defendant J. Evans used excessive force against him causing injuries to his face, nose, and wrist, and this was in retaliation because Plaintiff called another officer a racist. These claims are also sufficient to proceed. The only allegation against Defendant Lewis is that he released Plaintiff from Administrative Segregation. This fails to state a claim and Lewis is dismissed from this action with prejudice.

### III

For the foregoing reasons, the Court hereby orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint (Docket No. 11), and a copy of this order upon the following Defendants at Pelican Bay State

Prison: Correctional Captain T. Wood, Correctional Counselor K. Royal, Correctional Counselor D. Milton and Correctional Officer J. Evans.  Defendant Lewis is DISMISSED from this action.

   2.  In order to expedite the resolution of this case, the Court orders as follows:

      a.  No later than 91 days from the date of service, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due.  All papers filed with the Court shall be promptly served on the plaintiff.

      b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by Rand v. Rowland, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).  See Woods v. Carey, 684 F.3d 934, 940-941 (9th Cir. 2012) (Rand and Wyatt notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); Rand at 960 (separate paper requirement).

      c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -

4

1  - WARNING," which is provided to him pursuant to Rand v. Rowland,
2  154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Klingele v.
3  Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).
4      If Defendants file a motion for summary judgment claiming
5  that Plaintiff failed to exhaust his available administrative
6  remedies as required by 42 U.S.C. § 1997e(a), plaintiff should
7  take note of the attached page headed "NOTICE -- WARNING
8  (EXHAUSTION)," which is provided to him as required by Wyatt v.
9  Terhune, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
10         d.  If Defendant wishes to file a reply brief, he shall
11 do so no later than fifteen days after the opposition is served
12 upon him.
13         e.  The motion shall be deemed submitted as of the date
14 the reply brief is due.  No hearing will be held on the motion
15 unless the court so orders at a later date.
16     3.  All communications by Plaintiff with the court must be
17 served on defendant, or defendant's counsel once counsel has been
18 designated, by mailing a true copy of the document to defendants
19 or defendants' counsel.
20     4.  Discovery may be taken in accordance with the Federal
21 Rules of Civil Procedure.  No further court order under Federal
22 Rule of Civil Procedure 30(a)(2) is required before the parties
23 may conduct discovery.
24     5.  It is Plaintiff's responsibility to prosecute this case.
25 Plaintiff must keep the court informed of any change of address
26 by filing a separate paper with the clerk headed "Notice of
27 Change of Address."  He also must comply with the court's orders
28 in a timely fashion.  Failure to do so may result in the

5

1  dismissal of this action for failure to prosecute pursuant to
2  Federal Rule of Civil Procedure 41(b).
3     IT IS SO ORDERED.
4  Dated: 5/4/2016

   THELTON E. HENDERSON
   United States District Judge

7  G:\PRO-SE\TEH\CR.15\Gibbs4115.serve.docx

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.