UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GIBBS,<br><br>    Plaintiff,<br><br>  v.<br><br>T. WOOD, et. al.,<br><br>    Defendants. | Case No. 15-cv-4115-TEH<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER OF SERVICE<br><br>Docket No. 23 |

Plaintiff Kenneth Gibbs, a state prisoner, filed this pro se action under 42 U.S.C. § 1983. The case proceeds against Defendants Wood, Milton, Royal and Evans.[1] Plaintiff alleges that Wood transferred Plaintiff to a different Administrative Segregation ("Ad. Seg.") unit in retaliation for filing a grievance; Wood, Milton and Royal placed Plaintiff on C-status in retaliation for filing a grievance; and Evans used excessive force against Plaintiff in retaliation for calling another officer a racist. Defendants have filed a motion to dismiss on the grounds that the claim against Wood for transferring Plaintiff and the claim against Evans are barred by the statute of limitations. Plaintiff has opposed the motion, and Defendants have filed a reply. For the reasons that follow, Defendants' motion is GRANTED.

---
[1] Defendant Milton has not been served.

I

A

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

B

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code section 335.1 and is

the applicable statute in § 1983 actions. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); see also Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).[2]

It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, 549 U.S. 384, 388 (2007); Elliott, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. See TwoRivers, 174 F.3d at 991-92; Elliott, 25 F.3d at 802.

---

[2] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Civ. Proc. Code § 352.1(a).
    A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007). The Court takes judicial notice that Plaintiff is sentenced to life without the possibility of parole. Request for Judicial Notice ("RJN"), Docket No. 24, Ex. C; See also Gibbs v. Ayers, Case No. CV 00-6349, Docket No. 46 at 2 (C.D. Cal. May 17, 2001). Plaintiff is not entitled to this tolling, nor does he argue for this additional tolling.

3

C

Plaintiff previously proceeded with a case in this Court with several claims including the same allegations against these Defendants. See Gibbs v. Farley ("Gibbs 1"), Case No. 13-cv-0860-TEH (N.D. Cal. Feb. 18, 2016). On July 21, 2015, the Court granted in part Defendants' motion for summary judgment in Gibbs 1 and dismissed claims against these Defendants without prejudice for failure to exhaust. Gibbs 1, Docket No. 167. Plaintiff did not exhaust administrative remedies until several months after commencing the action. A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a federal civil rights complaint. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The instant action contains the same allegations against the same Defendants. However, Plaintiff was able to proceed with this action because the claims were exhausted prior to its filing. Defendants argue that two of the claims are untimely.

The cause of action against Defendant Wood accrued on January 3, 2013, the date Wood allegedly transferred Plaintiff to a different Ad. Seg. unit. The statute of limitations expired two years later on January 3, 2015. The complaint was filed on August 12, 2015, and thus is untimely unless Plaintiff is entitled to tolling.[3] A federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir.

---

[3] The Court affords Plaintiff application of the mailbox rule as to all his relevant filings. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

4

1986).

Plaintiff is entitled to tolling for the time he was administratively exhausting his claims. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). The administrative appeal was submitted on January 23, 2013 and denied at the final level on June 13, 2013. Opposition at 20; Docket No. 1-1 at 42-44. Plaintiff is entitled to 142 days of tolling, which extends the statute of limitations to May 25, 2015. This action was not filed until August 12, 2015; therefore, the claim is untimely.

The cause of action against Defendant Evans accrued on March 15, 2013, the date Evans allegedly assaulted Plaintiff. The statute of limitations expired two years later on March 15, 2015; thus, this action which was not filed until August 12, 2015, is untimely absent tolling. Plaintiff is entitled to tolling while he was exhausting administrative remedies. He filed an administrative appeal on March 17, 2013, that was denied on July 19, 2013, giving Plaintiff 124 days of tolling. Opposition at 31; Docket No. 1-1 at 19-24. With these 124 days of tolling, Plaintiff needed to have filed his action by July 17, 2015. The action, filed on August 12, 2015, was nearly a month late.

Plaintiff is not entitled to tolling while the previous federal action was pending. "[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000). Conversely, "a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice." Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998). Thus, "[i]n instances where a

5

complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the [ ] limitations period." O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam); see also Wood v. Elling Corp., 20 Cal. 3d 353, 359 (1977) (quoting 51 Am. Jur. 2d Limitation of Actions § 311, at 813) ("'In the absence of a statute, a party cannot deduct from the period of the statute of limitations. . . the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him.'"). "[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Elmore, 227 F.3d at 1011.

Nor is there a way for this action to "relate back" to the prior action. See O'Donnell, 466 F.3d at 1111 (second complaint does not "relate back" to first complaint because it is not an "amendment" but a separate filing); Young v. Rorem, 977 F.2d 594 (9th Cir. 1992) (unpublished) (new action cannot "relate back" to original complaint under Federal Rule of Civil Procedure 15(c) because the original action was dismissed and not pending when the new action was filed); Hill v. Prunty, 55 F. App'x 418, 419 (9th Cir. 2003) (new complaint alleging same claim does not relate back to prior complaint, even if the prior complaint was dismissed without prejudice).

D

Plaintiff argues that he is also entitled to equitable tolling while the prior federal action was pending.

This Court must apply California law governing equitable tolling. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, when a plaintiff pursues identical claims in two different actions, equitable tolling applies during the pendency of the prior action only if it was filed in a different forum; successive identical claims pursued in the same forum are not entitled to equitable tolling. See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) ("[u]nder equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum"). "The doctrine of equitable tolling . . . only applies where the plaintiff has alternate remedies and has acted in good faith." Thomas v. Gilliland, 95 Cal. App. 4th 427, 434 (Cal. Ct. App. 2002). "Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (alteration in original) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)).

In contrast, when a plaintiff pursues the same claim in the same forum, as in the instant case, the statute of limitations may be tolled under California law only under a "general equitable rule" known as the "Bollinger rule." See Bollinger v. Nat'l Fire Ins. Co., 25 Cal. 2d 399, 410 (1944)). In Bollinger,

"(1) the trial court had erroneously granted the initial nonsuit, (2) dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a [timely] second filing . . ., and (3) plaintiff had at all times proceeded in a diligent manner." Wood, 20 Cal. 3d at 360 (citing Bollinger, 25 Cal. 2d at 406). "[T]he concurrence of the three factors present in Bollinger is essential to an application of the rule stated therein." Wood, 20 Cal. 3d at 360; see also Allen v. Greyhound Lines, Inc., 656 F.2d 418, 421 (9th Cir. 1981) ("the California Supreme Court in Wood . . . limited Bollinger to its facts . . . [requiring that] plaintiff must demonstrate the existence of those three factors present in Bollinger").

Essential to the application of the Bollinger rule is "the fact that the plaintiff is [otherwise] left without a judicial forum for resolution of the claim . . . attributable to forces outside the control of the plaintiff." Hull v. Cent. Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1336 (Cal. Ct. App. 1994) (citing Wood, 20 Cal. 3d at 361-62). Tolling under the "Bollinger rule" is thus intended to "'serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.'" Addison, 21 Cal. 3d at 318-19 (quoting Bollinger, 25 Cal. 2d at 410).

Because Plaintiff proceeds with the same claims in the same forum, Bollinger applies and the Court will look to the three factors in Bollinger. California law makes clear that in order to be entitled to equitable tolling under Bollinger, a plaintiff must demonstrate all three Bollinger factors. See Allen, 656 F.2d at 421 ("The [California Supreme Court] thus made it clear

8

that to avoid the literal language of [section 355], the
plaintiff must demonstrate the existence of those three factors
present in Bollinger."); Hull, 28 Cal. App. 4th at 1337
(reiterating that the three Bollinger factors are prerequisites
expressly required to apply tolling); Wood, 20 Cal. 3d at 360
("the concurrence of the three factors present in Bollinger is
essential to an application of the rule"); Dimcheff v. Bay Valley
Pizza Inc., 84 F. App'x 981, 982-83 (9th Cir. 2004).

With respect to the third Bollinger factor, the Court finds
that Plaintiff proceeded in a diligent manner. However, the
first two Bollinger factors, trial court error in granting
summary judgment and dilatory defense tactics, are not found in
this case. This Court did not erroneously grant the motion for
summary judgment for failure to exhaust in Gibbs 1. As described
in Gibbs 1, the law is well settled that a prisoner must exhaust
administrative remedies prior to filing a federal civil rights
complaint. Nor were there any dilatory tactics on the part of
Defendants that delayed disposition of the first action.
Defendants timely filed a motion to dismiss for failure to
exhaust that was denied without prejudice to refiling as a
summary judgment motion in light of Albino v. Baca, 747 F.3d 1162
(9th Cir. 2014). While this change of law was beyond Plaintiff's
contro, Plaintiff sought to file a second amended complaint,
while the motion to dismiss was pending, which delayed
proceedings because the second amended complaint included a new
claim against a Defendant who needed to be served. In his
opposition to summary judgment in Gibbs 1, Plaintiff argued that
by amending the complaint with a new claim, all claims were

9

exhausted. Opposition, Gibbs 1, Docket No. 145. Plaintiff's argument was not correct and it shows that Plaintiff was aware of the exhaustion issue when Defendants filed the original motion to dismiss in Gibbs 1. Yet, he continued to litigate the case for several more years.

Thus, the Bollinger rule is not applicable to this case because Plaintiff can only demonstrate the existence of one of the three factors. Therefore, Plaintiff is not entitled to equitable tolling. See Dimcheff, 84 F. App'x at 983 (tolling not available when second Bollinger factor not met); Flowers v. Alameda Cnty. Sheriff's Deputy Bixby, No. 12-cv-3181-YGR, 2015 WL 1393582, at *4-8 (N.D. Cal. Mar. 26, 2015) (pro se prisoner not entitled to tolling under Bollinger); Sandoval v. Barneburg, No. 12-cv-3007-LHK, 2013 WL 5961087, at *3 (N.D. Cal. Nov. 7, 2013) (finding pro se prisoner not entitled to equitable tolling during pendency of his prior federal lawsuit); Mitchell v. Snowden, No. 2:15-cv-1167 TLN AC P, 2016 WL 5407858, at *3-7 (E.D. Cal. June 10, 2016)(Bollinger not applicable to pro se prisoner where none of the factors were met); Dawkins v. Woodford, No. 09-cv-1053 JLS (POR), 2012 WL 554371, at *4-5 (S.D. Cal. Feb. 21, 2012) (concluding pro se prisoner was not entitled to equitable tolling during pendency of his prior federal actions, which were dismissed for failing to timely serve defendants).

While this is a troubling ruling against a pro se litigant, the Court is bound by federal and state laws. The Court notes that Plaintiff was informed in October 2013 in Defendants' motion to dismiss in Gibbs 1 that his claims were not properly exhausted. Defendants noted that because Plaintiff exhausted his

10

claims after filing suit in Gibbs 1 that the action should be dismissed without prejudice. In October 2013 the statute of limitations had only been running for seven to nine months, and with tolling, Plaintiff still had 17-19 months to timely file a new case. While the Court cannot fault Plaintiff for continuing to litigate Gibbs 1, his filing of a second amended complaint with a new claim, in an attempt to make the unexhausted claims exhausted, further delayed the Court's adjudication of Gibbs 1. For all these reasons, Plaintiff is not entitled to equitable tolling.[4]

E

Equitable estoppel is another doctrine which may apply to extend the limitations period on equitable grounds. Lukovsky, 535 F.3d at 1051. Equitable estoppel "focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" Lukovsky at 1051 (citing Johnson, 314 F.3d at 414).

Under California law, equitable estoppel requires that:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

---

[4] The Court notes that it is not clear if the federal equitable tolling rule mentioned in Lukovsky v. San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) and Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002), applies in § 1983 actions because Lukovsky did not decide the question, see Lukovsky, 535 F.3d at 1051 & n.5, and Johnson was not a § 1983 action.

11

Lukovsky, 535 F.3d at 1051-52 (quoting Honig v. S.F. Planning Dep't, 127 Cal. App. 4th 520, 529 (2005)). In order to establish equitable estoppel, or "fraudulent concealment" by defendants, the plaintiff must show "some active conduct by the defendant above and beyond the wrongdoing upon which the plaintiff's claim is filed." Id. (internal quotation marks omitted).

Plaintiff seeks equitable estoppel due to his placement in Ad. Seg., prison transfers, harassment, denial of law library access and deprivation of legal property. Opposition at 9-16.

Yet, during this time period, Plaintiff was actively litigating Gibbs 1, Case No. 13-cv-0860-TEH. During this same period he was also actively litigating the following cases in this Court: Gibbs v. Carson, No. 13-cv-2114 TEH; Gibbs v. Chisman, No. 13-cv-2488 TEH; Gibbs v. Bradford, No. 14-cv-0641 TEH, (transferred to the Eastern District and opened as No. 14-cv-0831 TLN-AC.; Gibbs v. Petersen, No. 14-cv-4200 TEH; Gibbs v. Dennehy, No. 14-cv-5301 TEH.[5] Based on Plaintiff's ability to actively litigate all of these cases, which included dozens of extensive filings, the Court does not find that Defendants prevented Plaintiff from filing suit.[6]

---

[5] The Court grants Defendants' request for judicial notice. Docket No. 32. A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias, 508 F.3d at 1225.

[6] Plaintiff's claims against Defendants in their official capacities are dismissed. A suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office, i.e., the state. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, neither a state nor its officials acting in their official capacities may be sued under § 1983. Id. The case proceeds against Defendants in their individual capacities.

12

II

For the foregoing reasons, the Court hereby orders as follows:

1. Defendants' motion to dismiss (Docket No. 23) is GRANTED. The January 3, 2013 claim against Defendant Wood is dismissed with prejudice as untimely, and the March 15, 2013 claim against Evans is dismissed with prejudice as untimely. Defendant Evans is dismissed from this action.

2. The case continues with the claim against Defendants Wood, Royal and Milton with respect to placing and keeping Plaintiff on C-status in retaliation for his protected conduct. Those Defendants shall follow the instructions set forth below. In addition, Plaintiff has provided new information to serve Defendant Milton. Plaintiff notes that he provided the wrong name and that the Defendant is actually "D. Melton."

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint (Docket No. 11), and a copy of this order upon Defendant D. Melton at Pelican Bay State Prison.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the DATE OF SERVICE OF THIS ORDER, Defendants shall file a motion for summary judgment or other dispositive motion.[7] The motion shall be supported by

---

[7] If there are delays serving Defendant Melton or if Melton is not represented by the Attorney General's Office, the Court will issue a further order.

13

adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

      b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by Rand v. Rowland, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). See Woods v. Carey, 684 F.3d 934, 940-41 (9th Cir. 2012) (Rand and Wyatt notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); Rand at 960 (separate paper requirement).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which shall be provided to him pursuant to Rand v. Rowland, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING

14

(EXHAUSTION)," which shall be provided to him as required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).

  d. If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

  e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

 5. All communications by Plaintiff with the Court must be served on Defendant, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

 6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

 7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 IT IS SO ORDERED.

Dated: 4/20/2017

/s/ Thelton E. Henderson
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\Gibbs4115.mtd.docx